# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY C. PHILLIPS, SR., | : | CIVIL NO. 3:-09-CV-0555 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MATTHEW A. MILLER, et al., | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

This civil rights action was initiated by Anthony C. Phillips, Sr. ("Phillips") on March 26, 2009, an inmate incarcerated at the Dauphin County Prison. (Doc. 1.) Named as defendants are Matthew A. Miller ("Miller"), Latsha A. Duncan ("Duncan"), Kim E. Turner ("Turner"), Dauphin County Prison ("DCP"), Deputy Warden Nichols[1] ("Nichols"), Department of Welfare, and Amanda LoPiccolo ("LoPiccolo"). Presently pending are two separate motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b). A motion was filed on behalf of Miller, DCP, Nichols, and LoPiccolo on June 19, 2009. (Doc. 21.) On August 17, 2009, a motion was filed on behalf of the Department of Welfare. (Doc. 32.) Both motions are ripe for disposition and, for the reasons set forth below will be granted.[2]

---

[1] Plaintiff erroneously identified this defendant in his complaint as "Nickels."

[2] Although plaintiff indicated in correspondence (Doc. 31) addressed to defense counsel, Gary H. Adamo, Esq. that he wanted to withdraw his action against defendant LoPiccolo and the Department of Welfare, no such notice was filed with the court. The motions will therefore be considered on the merits.

In addition, the complaint against defendant Turner will be dismissed pursuant to Federal Rule of Civil Procedure 4(m) (stating that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the actions without prejudice against that defendant or order that service be made within a specified time."). The complaint against Defendant Duncan will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

I. **Allegations of the Complaint**

Phillips alleges that he was incarcerated at the DCP and enrolled in the work release program. (Doc. 1, at 3.) On November 25, 2008, defendant Miller removed him from the work release center and returned him to the prison because it was believed he did not work and that he had health concerns. (Id.)

He also alleges that he has complained of blurry vision in his left eye to the DCP medical staff and defendant Nichols since May 9, 2008. "Nothing was done" after March 2009, and now he needs eye surgery. (Id.)

Lastly, he states that defendant LoPiccolo falsified statements and utilized tainted records to prevent him from being granted early release. (Id.)

II. **Defendant Department of Welfare**

Defendant Department of Welfare seeks to dismiss the complaint by invoking Eleventh Amendment immunity.

    A. **Standard of Review**

A Rule 12(b)(1) motion is a proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir. 1996) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984), for the proposition that the Eleventh Amendment deprives federal courts of subject-matter jurisdiction). Unlike a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)).

Federal courts are courts of limited jurisdiction; accordingly, every case begins with the presumption that the court lacks jurisdiction to hear it. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In a Rule 12(b)(1) motion, the party invoking jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

**B.     Discussion**

To state a viable § 1983 claim, plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action. It is well-settled that neither a state nor

3

its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v.Rose, 496 U.S. 356, 365 (1990).

The Department of Welfare, as a state agency and arm of the state, is not a "person" for the purpose of § 1983 and, thus, not properly named as a defendant. Accordingly, defendant's motion to dismiss will be granted.

### III. **Defendant Dauphin County Prison**

Likewise, the complaint against the DCP is subject to dismissal because it is not a "person" amenable to suit under 42 U.S.C. § 1983. A county prison does not have the legal capacity to be sued in its own name. Birckbichler v. Butler County Prison, No. 07-1655, 2009 WL 2986611 at *5 (W.D.Pa. Sept.17, 2009) (collecting cases). Defendants' motion will be granted with respect to DCP.

### IV. **Defendants Miller, Nichols and LoPiccolo**

Defendants seek to dismiss the complaint against them for failure to state a claim on which relief may be granted.

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege

facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**B.  Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

    1.    Defendant Miller

Phillips essentially alleges that defendant Miller wrongfully removed him from the work release program because of health concerns and it was believed that he did not go to work. The Due Process Clause shields from arbitrary or capricious deprivation only those facets of a convicted criminal's existence that qualify as protected liberty or property interests. Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). An individual claiming a protected interest must have a legitimate claim of entitlement to it. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7 (1979) (citation omitted).

There is no inherent due process right to pre-release under the United States Constitution, Greenholtz, 442 U.S. at 7-11 (1979), and there is no federal constitutional right to placement in a work release program. Winsett v. McGinnes, 617 F.2d 996, 1004 (3d Cir. 1980). Also, there is no inherent due process right to prison employment or work opportunities. James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989). In Sandin, the Supreme Court held that prison conditions do not impact a protectable liberty interest unless they result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995). The Court of Appeals for the Third Circuit specifically has held that prisoners do not have a liberty interest in remaining in a work release program under the analysis set forth in Sandin. See Asquith v. Dep't of Corr., 186 F.3d 407, 411 (3d Cir. 1999). Moreover, neither Pennsylvania state law nor its regulations, nor DOC policy provide any state-created liberty or property interest in work release.

7

Because Phillips does not allege that defendant Miller deprived him of a right, privilege, or immunity secured by the Constitution and laws of the United States, the claim against him is subject to dismissal.

### 2. Defendant Nichols

The claim against defendant Nichols is also subject to dismissal. "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge. Id.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003); Monmouth County Corr.

Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . ." Estelle, 429 U.S. at 106.

However, the United States Court of Appeals for the Third Circuit has held that a non-physician defendant cannot be held liable for being deliberately indifferent to an inmate's medical needs where, as here, the inmate is receiving treatment from the institution's health care staff. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993.) There is no question that Nichols is a non-medical defendant and it is clear from the allegations of the complaint that Phillips was receiving treatment from the institution's health care staff from May 2008 through March 2009. (Doc. 1, at p. 3.) Consequently, the claim against this defendant is subject to dismissal.

However, plaintiff will be afforded the opportunity to amend his complaint to state a claim against those individuals in the medical department responsible for the alleged deprivation of medical treatment.

### 3. LoPiccolo

Defendant LoPiccolo, a staff attorney with the Domestic Relations Department of Dauphin County, seeks to dismiss the complaint against her on the basis of immunity. (Doc. 25, at pp. 13-14.) "Absolute immunity attaches to those who perform functions integral to the judicial process." Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir.2006) (citing Burns v. Reed, 500 U.S. 478, 484 (1991)); see also Mireless v. Waco, 502 U.S. 9, 13 (1991)

(holding that the doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity); Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (finding because prosecutors enjoy absolute immunity from Section 1983 suits seeking money damages for actions taken by the prosecutor that are "intimately associated with the judicial process[,]"); Imbler, 424 U.S. at 423 n. 20 (finding immunity applies to grand jurors); Harper v. Jeffries, 808 F.2d 281, 284 (3d. Cir. 1986) (determining immunity extends to parole board adjudicators); Stankowski v. Farley, 251 Fed. App'x 743, 747 (3d Cir. 2007) ("Preparing the presentence report thus was a quasi-judicial function for which [the probation officer] is absolutely immune from suit."). "[I]ndividuals who perform investigative or evaluative functions at a governmental adjudicative entity's request to assist that entity in its decisionmaking process are [also] entitled to absolute immunity." Id. The scope of this immunity extends to court personnel, such as domestic relations staff attorneys, who perform discretionary and adjudicative functions under the guidance and direction of the courts. See Slawek v. White, No. 91-1164, 1992 WL 68247, at 3 (E.D.Pa.1992). The United States Court of Appeals for the Fifth Circuit determined that the director of the domestic relations office was "entitled to full prosecutorial immunity from damages because his decision to bring contempt proceedings and his participation in those proceedings was pursuant to his quasi-judicial duties." Hamill v. Wright, 870 F.2d 1032, 1037 (5th Cir.1989) (citing Imbler, 424 U.S. 409).

Phillips alleges that defendant made false statement and utilized records from his past incarceration in presenting his child support case and that this action prevented him from

being released early. (Doc. 1, at 3.) Clearly, any actions taken by defendant LoPiccolo, would have been in her capacity as a staff attorney with the Domestic Relations Department of Dauphin County. Accordingly, she is entitled to immunity and the complaint against her is subject to dismissal.

## V. **Defendant Turner**

The complaint in this matter was filed on March 26, 2009. (Doc. 1). The United States Marshal's Service was directed to serve the complaint on all defendants on April 15, 2009. (Doc. 8.) On May 27, 2009, the waiver of service was returned unexecuted as to defendant Turner. (Doc. 15.) On June 10, 2009, Phillips was notified that the court was unable to effect service on defendant Turner and was also afforded the opportunity to provide the court with an accurate address. He was cautioned that his failure to do so would result in the matter being dismissed against defendant Turner pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 19.) A new address was provided but it, too, proved to be an incorrect address as the waiver of service was again returned unexecuted. (Doc. 29.) More than 120 days have elapsed since the filing of this action and service has not been made on defendant Turner. Consequently, the complaint against this defendant will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) (stating that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the actions without prejudice against that defendant or order that service be made within a specified time.").

## VI. **Defendant Duncan**

11

A waiver of service of summons was sent to Defendant Duncan on June 25, 2009, and an answer was anticipated on August 25, 2009. No answer has been filed. Notwithstanding defendant's failure to answer the complaint, Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . " 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Such allegations, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge. Id.

Other than being named as a defendant, Duncan's name appears nowhere else in the complaint. There is not a single allegation lodged against this defendant. Consequently, the complaint against Duncan will be dismissed for lack of personal involvement in conduct

amounting to a constitutional violation.

## VII. **Conclusion**

Based on the foregoing, the motions to dismiss (Docs. 21, 33) will be granted. The complaint against defendant Turner will be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The complaint against defendant Duncan will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate order follows.

                                        **BY THE COURT:**

                                        **s/James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY C. PHILLIPS, SR.,** | : | **CIVIL NO. 3:-09-CV-0555** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **MATTHEW A. MILLER, et al.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 28th day of February 2010, upon consideration of defendants' motions to dismiss (Docs. 21, 33) plaintiff's complaint, and in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. Defendants' motions (Docs. 21, 33) are GRANTED. The complaint is DISMISSED as to defendants Miller, Nichols, LoPiccolo, Dauphin County Prison, and Department of Welfare.

2. The complaint against defendant Turner is DISMISSED pursuant to Federal Rule of Civil Procedure 4(m).

3. The complaint against defendant Duncan is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. The Clerk of Court is directed to CLOSE this case.

5. Plaintiff may FILE an amended complaint on or before March 5, 2010. The amended complaint shall carry the same civil docket number (3:09-CV-0555) presently assigned to this matter.

6. The amended complaint shall be a short, plain, and concise statement of the medical claim and shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. FED. R. CIV. P. 8(e)(1).

7. If plaintiff chooses to amend his complaint, the matter will be reopened.

        **BY THE COURT:**

        **s/James M.Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**